ORIGINAL

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALLEGHENY LUDLUM CORP., BUTLER ARMCO INDEPENDENT UNION, UNITED STEELWORKERS OF AMERICA, AFL-CIO/CLC, and ZANESVILLE ARMCO INDEPENDENT ORGANIZATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Court No. 03-00924 |

## COMPLAINT

Plaintiffs, Allegheny Ludlum Corp., et al., by and through their counsel, allege herein as follows:

### JURISDICTION

1.    Plaintiffs bring this action pursuant to section 516(A)(a)(2)(B)(vii) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. § 1516a(a)(2)(B)(vii). This Court has jurisdiction by reason of 28 U.S.C. § 1581(c).

### STANDING OF PLAINTIFFS

2.    Plaintiffs are domestic manufacturers of stainless steel sheet and strip in coils, and unions representing workers producing stainless steel sheet and strip in coils, the subject merchandise at issue in this appeal. As domestic producers and unions that participated in the administrative process that led to the determination being challenged, plaintiffs are "interested parties" within the meaning of sections 771(9)(C), (D), and 516A(f)(3) of the Act, 19 U.S.C. § 1677(9)(C), (D) and 1516a(f)(3), respectively, and as petitioners in the proceeding below, were parties to the investigation that led to the determination being challenged herein. Accordingly,

plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

### TIMELINESS OF THIS ACTION

3.      On November 17, 2003, the United States Department of Commerce ("Commerce" or "Department") caused to be published in the Federal Register a Notice of Implementation Under Section 129 of the Uruguay Round Agreement Act concerning certain countervailing measures applied to various steel products from several European Union countries. See Notice of Implementation Under Section 129 of the Uruguay Round Agreements Act; Countervailing Measures Concerning Certain Steel Products From the European Communities, 68 Fed. Reg. 64,858 (Dep't. Commerce Nov. 17, 2003) ("Section 129 Determination"). That decision announced the result of the administrative proceeding involving stainless steel sheet and strip in coils from France that is the subject of this action.

4.      On December 16, 2003, by the filing of a Summons, plaintiffs initiated this action under and in accordance with section 516A(a)(2)(A)(i)(III), 19 U.S.C. § 1516a(a)(2)(A)(i)(III) regarding a determination reviewable under 19 U.S.C. § 1516a(a)(2)(B)(vii). Both of these sections are designed to encompass appeals of determinations made under 19 U.S.C. § 3538.

5.      This complaint is filed within the time specified in 19 U.S.C. § 1516a(a)(2)(A)(i)(III), 28 U.S.C. § 2636(c) and USCIT R. 3(a)(2), having been filed within 30 days of the filing of the Summons.

### HISTORY OF THE CASE

6.      On October 24, 2003, Commerce issued a "Section 129 Determination" regarding this case in the form of an Issues and Decision Memorandum that was sent to the parties to the proceeding. Subsequently, in accordance with instructions received from the United States Trade Representative ("USTR"), Commerce issued a Federal Register notice implementing its Section 129 Determination in this case, which had the effect of eliminating the duty deposit rate for imports of subject merchandise and revoking the countervailing duty order applicable to subject imports of stainless steel sheet and strip in coils from France. See Notice of

Implementation Under Section 129 of the Uruguay Round Agreements Act; Countervailing

Measures Concerning Certain Steel Products From the European Communities, 68 Fed. Reg.

64,858 (Dep't. Commerce Nov. 17, 2003). This published Notice of Implementation is the

decision challenged in this action.

## COUNT I

7.      Commerce made significant legal errors in the challenged decision and underlying

proceeding such that the decision is not in accordance with law. See 19 U.S.C. §

1516a(b)(1)(B). Commerce's decision is inconsistent with the applicable statute and therefore

violates U.S. law.

## COUNT II

8.      In the process of conducting its analysis under its newly announced privatization

methodology, Commerce made significant factual errors in the challenged decision and

underlying proceeding. Among other factual errors, the agency's "market distortion" analysis

suffers from significant errors in the scope of what the agency considered and in the actual

analysis conducted. Thus, the evidence upon which Commerce made its determination is not

such that a reasonable mind might accept it as adequate to support the conclusion reached by the

agency.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to:

(1)     declare Commerce's determination unlawful;

(2)     remand the matter to Commerce for disposition consistent with the

final disposition of the Court;

(3)     provide such other relief as this Court deems just and proper.

Respectfully submitted,

DAVID A. HARTQUIST
PAUL C. ROSENTHAL
KATHLEEN W. CANNON
ERIC R. MCCLAFFERTY

Counsel for Plaintiffs

January 14, 2004

## CERTIFICATE OF NOTIFICATION

Pursuant to Rule 3(f), Rules of the United States Court of International Trade, I hereby certify that on January 14, 2004, I notified all interested parties who were a party to the proceeding below, by mailing a copy of the foregoing Complaint by certified mail, return receipt requested, to their last known address in the proceeding shown below:

John J. Mahon, Esq.
Acting Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
Department of Justice
26 Federal Plaza
New York, NY  10278

David M. Cohen, Esq.
Director, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L St., N.W., Room 10116
Washington, DC 20530

Theodore W. Kassinger, Esq.
General Counsel
U.S. Department of Commerce
14th Street and Constitution Ave., N.W.
Washington, DC  20230

Quentin M. Baird, Esq.
Shearman & Sterling LLP
801 Pennsylvania Avenue, NW
Washington, DC 20004-2604

KATHLEEN W. CANNON

RECEIVED & FILED

2004 JAN 20 ᵖ 1: 48

U.S. COURT
TERRITORY

1/14/04